IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK CASSIDY GOINGS,             *

    Plaintiff,                  *

          v.                 *        Civil Action No. DKC-24-1396

NEEKSON, *Correctional Officer*, et al.,  *

    Defendants.           *

                        ***

## MEMORANDUM OPINION

Plaintiff Mark Cassidy Goings filed the above-captioned civil rights action, pursuant to 42 U.S.C. § 1983 against Correctional Officers Nathaniel Neekson, Nathaniel Figuroa, and Seth Gavigin, pertaining to his detention at the Baltimore County Correctional Facility ("BCCF"). ECF No. 1. Mr. Goings has also filed two supplements to the complaint. ECF Nos. 4, 5. Mr. Goings alleges that Defendants assaulted him causing significant injuries. ECF 1, 4, 5.

Pending is a motion to dismiss filed by all Defendants. ECF No. 10. Mr. Goings opposes the motion. ECF No. 12. No hearing is necessary to address the matters pending. *See* Local Rule 105.6 (D. Md. 2023). For the following reasons, the motion to dismiss will be denied. Defendants will be directed to answer the complaint.

## I.    Background[1]

On February 22, 2024, while housed at BCCC, Mr. Goings was assaulted in his cell by Defendant Officer Neekson who applied his fists to Mr. Goings's face, stomach, knees, elbows, back, arms, and hands. ECF No. 1 at 4. After the assault, Mr. Goings refused to be handcuffed,

---

[1] Unless otherwise noted, the facts outlined here are those alleged in the complaint and the two supplements and are construed in the light most favorable to Mr. Goings.

and then Defendant Sgt. Figuroa used pepper spray and mace on him. *Id.* While Mr. Goings was lying on his stomach in a "defenseless position," Defendant Officer Gavigin "folded" his legs backwards towards his head. *Id.* Mr. Goings was later taken in the direction of the elevators, and, while in handcuffs, Defendant Officer Gavigin again assaulted Goings by forcing his hands up above his head in an attempt to break both of his arms. *Id.* at 5. As a result of these events, Mr. Goings suffered the loss of a front tooth, a broken right pinky finger, and nerve damage to his left wrist from handcuffs that were applied too tightly. *Id.* at 5. Immediately following the incident, the only treatment Mr. Goings received from the medical department was having water put on his face to get the pepper spray out of his mouth and eyes. *Id.* Although he requested medical attention multiple times, Mr. Goings's broken finger was left to heal on its own and is now hanging in the wrong direction, he is still missing a tooth, and his left wrist is in constant pain. *Id.*, ECF No. 4 at 3, ECF No. 5 at 2-3. Mr. Goings seeks compensatory and punitive damages. ECF No. 1 at 5.

## II. Analysis

Mr. Goings alleges that Defendants Neekson, Figuroa, and Gavigin assaulted him causing significant injuries, and that, thereafter, he was not provided adequate medical care. ECF No. 1. He clearly presents an excessive force claim against the three defendants, and may be seeking to assert a denial of medical care claim as well. Defendants, in a somewhat conclusory fashion, assert that Mr. Goings failed to state a claim because he "has failed to allege personal involvement or deliberate indifference." ECF No. 10-1 at 2.

Defendants incorrectly provide an analysis of a failure to protect claim, not a claim of excessive force. ECF No. 10-1 at 2. In doing so, Defendants assert that Mr. Goings is required to show "that prison officials knew that he 'faced a substantial risk of serious harm and disregarded that risk by failing to take measures to abate it.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (citation corrected)); that the official "have actual knowledge of the specific risk to the

2

Plaintiff" (citing *Rich v. Bruce*, 129 F.3d 336, 339 (4th Cir. 1997) (citation corrected)); and that "[k]nowledge of an individual or situation that is dangerous in general is not sufficient." (*Id.*).

## III.    Standard of Review

In reviewing the complaint in light of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2)); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

## IV.    Discussion

A. Excessive Force

Mr. Goings has clearly alleged that each of the three named defendants physically acted in a manner to cause him serious injury.  The elements of an excessive force claim pertain to the use of force, not knowledge of risk of harm.

The proper legal analysis requires knowledge as to whether Mr. Goings was a pretrial detainee or was already convicted and serving his sentence when the events took place.  Mr. Goings checked boxes on the complaint form that indicated he was both a pretrial detainee and already convicted, ECF No. 1 at 2, and Defendants have not addressed this matter.

If Mr. Goings was a pretrial detainee, his claim of excessive force is properly considered under the Fourteenth Amendment's due process clause.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)) ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment[.]"). In contrast, if Mr. Goings was already convicted and serving a sentence, his claims would be brought under the Eighth Amendment which prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  This prohibition "protects inmates from inhumane treatment and conditions while imprisoned."  *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).   Under either approach, Mr. Goings has stated a claim, alleging facts that each defendant deliberately physically assaulted him without sufficient provocation.

Defendants also assert that that they are entitled to qualified immunity based again on what appears to be a legal analysis for a failure to protect claim, including elements of substantial risk of harm.  ECF No. 10-1 at 3-4.   Defendants here also cite to the Fourteenth Amendment which, as discussed above, the court cannot determine is the correct constitutional provision.  *Id.* at 3.  The

court declines to address this defense at this juncture insofar as Defendants have failed to identify the appropriate legal standard to be applied.

B. Denial of Medical Care

Defendants also assert that Mr. Goings has not stated a plausible claim because he made inconsistent statements about whether he did or did not receive medical treatment. ECF No. 10-1 at 2-3. Yet a closer read of the documents indicate that Mr. Goings states that he did see "medical" on the date of the incident, yet was only provided with water to clean the spray from his face and eyes, and also states that subsequent treatment was also inadequate. ECF No. 1 at 5; ECF No. 5. Additionally, Mr. Goings' August 9, 2024, response to Defendants' motion states that as of that date, he had still not received adequate treatment and was forced to let his injuries heal on their own. ECF No. 12 at 1. Mr. Goings has clearly stated a plausible claim for relief that one or more people deprived him of adequate medical case. He does not, however, clearly state whom he claims was responsible for that denial. If he wishes to proceed on a denial of medical care claim, he will need to amend the complaint to add individual health care providers as defendants and specify what each person did or did not do that caused the denial of medical care.

Defendants' motion to dismiss will be denied, and Defendants will be directed to file an answer to the complaint and the supplements.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is denied. Defendants will be directed to file an answer to the complaint and the supplements within 28 days consistent with this Memorandum Opinion. A separate Order follows.

December 10, 2024                          _____/s/_____
                                          DEBORAH K. CHASANOW
                                          United States District Judge